IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALEX HAMILTON,

    Plaintiff,

v.                                                       Civil Action No. 3:16cv116
                                                        (GROH)

STATE OF WEST VIRGINIA; WEST
VIRGINIA DIVISION OF CORRECTIONS;
SALEM CORRECTIONAL CENTER;
ALL OFFICERS NAMED AND UNNAMED;
JASON KUHN, Captain of Security, Salem
Correctional Center; WARDEN JOHNS,
Salem Correctional Center; C.O. I. SNYDER,
Salem Correctional Center; MR. WESTFALL,
Assistant Warden, Salem Correctional Center;
MR. PETERS, Assistant Warden, Salem
Correctional Center; and JIM RUBENSTEIN,
Commissioner of Corrections,

    Defendants.

## REPORT AND RECOMMENDATION

### I. Introduction

On August 3, 2016, the *pro se* Plaintiff, then incarcerated at the Slayton Work Camp ("SWC") in Mt. Olive, West Virginia,[1] initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against the above-named Defendants. Along with his complaint, the Plaintiff filed a motion to proceed as a pauper [ECF No. 2] with supporting documents [ECF Nos. 3 & 4] and a motion for appointed counsel. ECF No. 7. By separate Orders entered August 5, 2016, Plaintiff's motion for appointed counsel was denied [ECF No. 8] and he was granted permission to proceed as a pauper without the payment of an initial partial filing fee, although he was assessed the entire fee. ECF No. 9.

---

[1] Plaintiff is now incarcerated at the Mt. Olive Correctional Complex ("MOCC") in Mt. Olive, West Virginia.

On September 28, 2016, the undersigned conducted a preliminary review of the complaint and determined that summary dismissal was not warranted at that time. Therefore, the undersigned directed the Defendants to answer the complaint; the Clerk was directed to issue 60-day summonses and forward copies of the complaint to the United States Marshal Service to effect service of process upon the Defendants. ECF No. 16. Plaintiff was given an additional thirty days in which to identify the John Doe Defendants. Id.

On October 7, 2016, Petitioner again moved for appointed counsel. ECF No. 26. By Order entered October 12, 2016, Petitioner's second motion for appointed counsel was denied. ECF No. 27. On October 17, 2016, Petitioner filed a motion for discovery. ECF No. 28.

On October 18, 2016, Defendant C.O. I. Snyder ("Snyder") filed a Motion to Dismiss and memorandum in support. ECF Nos. 29 & 30. Because Plaintiff was proceeding *pro se,* a Roseboro Notice was issued on October 20, 2016. ECF No. 34. By separate order entered the same day, Plaintiff's motion for discovery was denied without prejudice as premature. ECF No. 35.

On October 25, 2016, Defendant Jason Kuhn ("Kuhn") filed a Joinder in Defendant Snyder's Motion to Dismiss Complaint and Motion to Dismiss with a memorandum in support. ECF Nos. 37 & 38. On October 26, 2016, Defendants Dennis Peters ("Peters"), Aaron Westfall ("Westfall"), Jim Rubenstein ("Rubenstein"), Salem Correctional Center ("SCC"), State of West Virginia ("the State"), Warden David Johns ("Johns'), and the West Virginia Division of Corrections ("WVDOC") filed a motion to dismiss for failure to state a claim or in the alternative, motion for summary judgment, with a memorandum in support. ECF Nos. 41 & 42. By separate orders entered October 31, 2016, the Clerk of Court was directed to correct the spelling of Defendant Kuhn's name on the docket and two more Roseboro Notices were issued, advising Plaintiff of his right to respond to Defendant Kuhn's Joinder in Defendant Snyder's Motion to

Dismiss Complaint and Motion to Dismiss and Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC's dispositive motion. ECF Nos. 44, 45, & 46.

Plaintiff filed another motion for appointed counsel on October 31, 2016. ECF No. 47. By Order entered November 1, 2016, Plaintiff's third motion for appointed counsel was denied. ECF No. 48.

On December 2, 2016, Plaintiff filed a response in opposition to Defendant Kuhn's joinder in Defendant Snyder's motion to dismiss. ECF No. 54. On December 12, 2016, Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC filed a reply. ECF No. 55. On December 14, 2016, Defendant Kuhn filed a reply. ECF No. 56. On December 15, 2016, Defendant Snyder filed a reply. ECF No. 57. On December 23, 2016, Plaintiff filed a response in opposition to Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC's motion to dismiss for failure to state a claim or in the alternative, motion for summary judgment. ECF No. 59. Plaintiff also filed another motion for appointed counsel the same day. ECF No. 60. By Order entered January 5, 2017, Plaintiff's fourth motion for appointed counsel was denied. ECF No. 61.

## II. The Pleadings

### A. The Complaint

In the complaint, filed without a memorandum in support, Plaintiff alleges violations of his of his constitutional rights as guaranteed by the 14th Amendment to the United States and the "State Constitution 10th." ECF No. 1 at 8. Plaintiff raises claims of failure to protect, retaliation, falsification of records, deliberate indifference to serious medical needs, interference with mail and grievances, arising out of a June, 2014 assault upon him while he was incarcerated at the SCC,

by two inmates at the direction of Defendant Captain Kuhn at SCC, in retaliation for an incident alleged by Defendant Snyder, that turned out to be a result of a misunderstanding. Id. at 7.

As a result of the attack, Plaintiff alleges that he suffered severe physical injuries as well as mental and emotional damages, including permanent brain and eye damage, trauma, and post-traumatic stress disorder ("PTSD"). Id. at 9.

The Plaintiff maintains that he has exhausted his administrative remedies with regard to his claims but never received any response to his grievances; he contends they were not returned to him and thus, he has no copies to attach. Id. at 5 - 6.

As relief, he requests unspecified compensatory and punitive damages. Id.

**B. Defendant COI. Snyder's Motion to Dismiss**

In her dispositive motion, Defendant Snyder argues that the case should be dismissed because:

1) Plaintiff's claims are time-barred [ECF No. 30 at 3]; and

2) Defendant Snyder is not a person under 42 U.S.C. § 1983 because she was acting in her official capacity as an officer of the State of West Virginia when the events complained of occurred. Id. at 5 – 6.

**C. Defendant Jason Kuhn's Joinder in Defendant Snyder's Motion to Dismiss Complaint and Motion to Dismiss**

Defendant Kuhn concurs and joins in Defendant Snyder's motion to dismiss, and further asserts an additional claim, contending that the complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies. ECF No. 38 at 2. In support of this claim, Kuhn attaches a copy of WVDOC Policy Directive 335.00 on Inmate Grievance Procedures. ECF No. 37-1. Although Kuhn further references having attached a copy of an Affidavit by Brandon Armstrong, inmate grievance coordinator for the WVDOC, the affidavit was not attached.

**D. Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment**

Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC argue that the complaint should be dismissed or summary judgment granted in their favor because

1) the complaint is time-barred [ECF No. 42 at 1];

2) Plaintiff has not exhausted his administrative remedies [id.]; and

3) Plaintiff has failed to state a claim upon which relief can be granted. Id. at 1 – 2.

In support of their claim that Plaintiff failed to exhaust his administrative remedies, the Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC a copy of an Affidavit by Brandon Armstrong, inmate grievance coordinator for the WVDOC [ECF No. 42-1 at 1 – 2]; a copy of WVDOC Policy Directive 335.00 on Inmate Grievance Procedures [id. at 3 – 14. The Defendants also attach a copy of WVDOC Policy Directive 325.00 on Discipline of Inmates. Id. at 15 – 56.

**E. Plaintiff's Response in Opposition to Defendant Kuhn's Joinder in Defendant Snyder's Motion to Dismiss Complaint and Motion to Dismiss**

In his response, Plaintiff avers that

> I had many conversations with all the staff at . . . [SCC], explaining to all that im not suing anyone but miss Snyder & Kuntz civil only I mainly needed them for my witnesses only Im very sorry that they was caught in the middle of this mess.

ECF No. 54 at 1 (reproduced here with all errors in original).

In response to Defendant Kuhn's joinder in Defendant Snyder's dispositive motion and Kuhn's own Motion to Dismiss, contending that Plaintiff failed to exhaust his administrative remedies, Plaintiff's untitled response asserts that there is "confusion" regarding his grievances, that they are in his files at SWC, and that SWC is "refusing" to give them to him. Id. at 2. He further contends that the staff at "Salem" were "very nice to him," he does not "expect anything"

from them and that he forgives "Salem." Id. Finally, in apparent response to Defendant Snyder and Kuhn's argument that his claims are time-barred, Plaintiff asserts that

> Everyone knew I was put in a room for alot of hours, with no answers to my questions, and **yes i did write the Courts way before the second year**. (I almost lost my life) I want everyone to have some peace, relief lets end this with an outside settlement of $8,000.00. I went through alot of mental anguish & embbarrasment there's no sence in ruining someones life on both parties.

Id. (reproduced here with all errors in original) (emphasis added).

**F. Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC's Reply**

Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC argue that Plaintiff's response fails to address their argument that his claims are time-barred [ECF No. 55 at 1 – 2] and note that Plaintiff "willingly admits that these Defendants are not liable for his alleged injuries[,]" by narrowing his claims in the complaint to now indicate that "he has no cause of action against, or reason to sue, any Defendants other than Jason Kuh[n] and Megan Snyder." Id. at 2. Accordingly, because they contend Plaintiff has absolved them from liability, Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC reiterate their request that their dispositive motion be granted. Id. at 3.

**G. Defendant Kuhn's Reply in Opposition to Plaintiff's Response to Motion to Dismiss**

Defendant Kuhn reiterates his argument the complaint should be dismissed because Plaintiff's claims are time-barred. ECF No. 56 at 2. Further, he notes that Plaintiff's response does not set forth any argument to refute Kuhn's claim in this regard or Kuhn's claim that Plaintiff failed to exhaust his administrative remedies. Id. He reiterates his request to grant his dispositive motion. Id.

**H. Plaintiff's Response in Opposition to Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment**

Plaintiff reiterates his claim that he exhausted his administrative remedies and asserts that "everything I do gets blocked by the . . . [SWC]." ECF No. 59 at 1. He avers that it is "common sense" that he would not have filed suit if he had not filed all of his grievances, and contends that "this place is trying to slow me down on giving me my copies of grievances that's (here) in my files." Id. He argues that "it doesn't remove the fact that your Jason Kuhns refused to send me out to hospital to get any medical Ex Rays my medical records will show that[.]" Id. at 2 (reproduced here with all errors in original). He argues that the SCC "keeps saying that they had nothing to do with your conspiracies toward me." Id. Plaintiff implies that this civil action is being intentionally prolonged to take advantage of him and again requests that the Defendants just settle out of court:

> And keep this simple . . . I know somewhere in your mind your getting tired of this (So am i) So please talk to me. Everybody needs a peace of mind & so you dont have to be bothered by this anymore. And so also the Courts. Im not trying to get any fame out of this (live your life & let me live mine).

Id. at 3 (reproduced here with all errors in original).

Without explanation, Plaintiff attaches a copy of a reproduction from page 3 of the memorandum of law in support of Defendant Kuhn's dispositive motion, listing the dates he alleged in his complaint that he filed his grievances [see ECF 59-1 at 1; see also ECF No. 38 at 3]; a copy of an October 25, 2016 letter from Christine Stoneman, Acting Chief, Federal Coordination and Compliance Section – NWB in Washington D.C. to one Mr. Michael Alston, Director, Office for Civil Rights, in Washington D.C. [ECF No. 59-2] (the letter makes no mention of Plaintiff or his claims); and copies of a December 17, 2016 Inmate Medical Services Request, in which Plaintiff requests copies of his medical records dating back to 2014 "when I was at . . . [SCC]" and

7

an attached Authorization for Release of Health Information, also dated December 17, 2016. ECF No. 59-3 and ECF No. 59-4.

### III. Standard of Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1356 (1990). In considering a motion to dismiss for failure to state a claim, a Plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the Plaintiff. Mylan Labs, Inc. v. Matkari, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the Defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts have long cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of [a] claim which would entitled him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not asserts "detailed factual allegation," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570,

rather than merely "conceivable," Id. Therefore, in order for a complaint to survive a dismissal for failure to state a claim, the Plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim had facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a Defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of

whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex, 447 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.

The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587 (citation omitted).

### IV. Analysis

### A. The State of West Virginia, SCC, and the WVDOC are not proper Defendants

42 U.S.C. § 1983 provides as follows:

10

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the Plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

In the instant case, in addition to the named individual Defendants, the Plaintiff names the State of West Virginia, SCC, and the WVDOC. The State of West Virginia, SCC, and the WVDOC are not proper Defendants because they are not persons subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. 1983). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. Accordingly, the State of West Virginia, SCC, and the WVDOC are not proper Defendants, and they must be dismissed from this action.

**John Doe Defendants**

In addition to the named Defendants, the Plaintiff has also attempted to name "all officers named and unnamed" as Defendants. The Court construes this as an attempt by Plaintiff to name John and/or Jane Doe Defendants. However, Plaintiff only mentions these potential John Doe Defendants in the style of the case, and does not allege any wrongdoing or assert any claim against them.

A Plaintiff may name a "John or Jane Doe" as a Defendant when the identity of a Defendant is unknown. Boyd v. Gullet, 64 F.R.D. 169 (D. Md. 1974). However, a district court is not required "to wait indefinitely" for the Plaintiff to provide the Defendant's true identity to the Court. Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980).

Plaintiff initiated this action on August 3, 2016. On September 28, 2016, when the Defendants were ordered to answer, summonses were issued for the other named Defendants; Plaintiff was directed to provide identifying information for the John and Jane Doe Defendants within thirty days. Plaintiff did not provide the information then and has made no attempt to provide it since. Because these Defendants were never identified, service could not be effected on them.

It has been approximately five months since Plaintiff filed his complaint. Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a Defendant within 90 days after the filing of the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the Plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); see

also <u>Bush v. City of Zeeland</u>, 74 Fed. Appx. 581, 2003 WL 22097837 at *2 (6th Cir. 2003)(citations omitted).

Here, Plaintiff was originally notified by Order of this Court, almost two months after filing his complaint, that he had an additional thirty days in which to identify the "officers named and unnamed" potential John Doe and Jane Doe Defendants. He failed to do so. The events at issue occurred at least two years and eight months ago. Plaintiff has had more than sufficient time to provide correct information in order to effectuate service on these defendants. Noting Plaintiff's lack of diligence in doing so, the undersigned recommends that the Plaintiff's claims against the John Doe/Jane Doe Defendants be dismissed from this action for failure to timely effectuate service and in accordance with 28 U.SC. §1915(e), for failure to state a claim upon which relief can be granted against them.

**B. <u>Exhaustion of Administrative Remedies</u>**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. §1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. §1997(e)(a). Exhaustion as provided in §1997(e)(a) is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). An action under 42 U.S.C. §1983 is subject to the exhaustion of administrative remedies. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[2] and is required even when the relief sought is not available. <u>Booth</u>, 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See <u>Porter</u> 534 U.S. at 524 (citing <u>Booth</u>, 532 U.S. at 741) (emphasis added). In addition, the

---
[2] <u>Porter</u>, 534 U.S. at 524.

Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth, 532 U.S. at 741, n.6. The PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons;" (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and (3) to "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). Pursuant thereto, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Id. at 2387 (emphasis supplied). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. See Id. at 2393.

The WVDOC has established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G-1 Grievance Form with the unit manager. If the inmate receives no response or is unsatisfied with the response received at Level One, the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level Two decision to the Commissioner of the Division of Corrections.

Here, Plaintiff's complaint contends that he filed a Level 1 grievance in June, 2014, received no reply, and the grievance was never returned to him. ECF No. 1 at 5. He contends he filed Level 2 grievance in July, 2014 via "institutional mail" but never received a reply. Id. Finally, he contends he filed a Level 3 grievance in "Aug/Sept/October 2014" but got no response, reply, or acknowledgment. Id. Further, he avers that "I filed numerous grievances with Correctional Administrative Staff with all complaints being formal. Each and every one was ignored without reply." Id. at 6.

As an initial note, it is apparent that the complaint was filled out by someone whose handwriting and writing skills were very different than the Plaintiff's, although the declaration under penalty of perjury is signed by the Plaintiff. Plaintiff's complaint makes a generalized claim that "[a]ll mail and grievance procedure tampered with, destroyed during [sic - illegible] with the assault and investigation. Plaintiff filed no less than 12 separate grievances with no reply. All mail for outside assistance was intercepted and never sent out." Id. at 8.

The Defendants Kuhn, Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC contend that Plaintiff failed to exhaust his administrative remedies. ECF No. 38 at 2; ECF No. 42 at 1. Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC attach a sworn affidavit from Brandon Armstrong ("Armstrong"), inmate grievance coordinator for the WVDOC, averring that

> 3. That in that capacity I receive, review, and respond for the Commissioner on all inmate grievances and appeals of prison disciplinary matters.
>
> 4. That the Commissioner's level is the last step in the inmate grievance or disciplinary appeal process.
>
> 5. That attached hereto is a copy of the Inmate Grievance Procedure Policy Directive 335.00 (Inmate Grievance Procedure) and 325.00 (Discipline of Inmates).
>
> 6. That in the normal course of business inmate grievances and disciplinary appeals that have been tendered to the Commissioner are filed in the inmate's central office file.
> 7. That I have reviewed the central office files for the plaintiff searching for documents back to the date of June 1, 2014 relating to any grievances filed with the Commissioner and have found no such documents.
>
> 8. That further affiant sayeth naught.

ECF No. 42-1 at 1.

A careful review of Plaintiff's responses indicates that in response to Defendant' Kuhn's assertion that he failed to exhaust, he impliedly admits "yes i did write the Courts way before the

15

second year." ECF No. 54 at 2 (all errors in the original). Even liberally construed, this appears to be an admission that he wrote to the Court about his claims, rather than filing grievances with the WVDOC. Further, Plaintiff attaches no copies of any grievances, and despite his claim that copies of his grievances are "in his files" at SWC and that SWC is "refusing" to give them to him [ECF No. 54 at 2], and that "everything I do gets blocked by the . . . [SWC] [ECF No. 59 at 1], nowhere does Plaintiff provide any specific details regarding the allegedly missing grievances or how the Defendants interfered with the same. Further, his original contention in his complaint that he filed a Level 1, Level 2, and Level 3 grievance is inconsistent with his later claim that he "filed no less than 12 separate grievances with no reply." ECF No. 1 at 8.

Plaintiff is a *pro se* litigant whose pleadings are to be liberally construed and held to a less stringent standard. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his rule requires the Court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. Id. The Court is not authorized to become the advocate for the *pro se* litigant. Id. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387 (4th Cir. 1990). Although Fed. R. Civ. P. 8(c) provides that "all pleadings shall be so construed as to do substantial justice," the Fourth Circuit further holds that a "heightened pleading standard" is highly appropriate in actions against government officials. Randall v. United States, 95 F.3d 339 (4th Cir. 1996). See also Dunbar Corp. v. Lindsey, 905 F.2d 754, 764 (4th Cir. 1990). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. See Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

"Unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d at 1128.

Here, because the Plaintiff has failed to adequately respond to the Defendants' dispositive motions on this point, he has not provided the Court with anything to refute Brandon Armstrong's sworn affidavit regarding his exhaustion of administrative remedies. Generally unsworn statements without more are not admissible on summary judgment to contradict sworn affidavits. Edens v. Kennedy, 112 Fed. Appx. 870, 877 (4th Cir. 2004) citing Scott v. Edinburg, 346 F.3d 752, 759 (7th Cir. 2003) and Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 1000 (5th Cir. 2001). Accordingly, balancing the Plaintiff's bald assertion regarding grievances that have disappeared against the sworn declaration that states that none were ever filed, the undersigned gives no credible weight to the same and is of the opinion that the Plaintiff should not be excused from the exhaustion requirement, and the complaint should be dismissed for failure to exhaust. Normally, such a dismissal would be without prejudice, but here, because Plaintiff has failed to exhaust and his claims are now two years and eight months old, they are well outside the two-year statute of limitations and thus are time-barred. Accordingly, this dismissal must be with prejudice.

## V. Recommendation

In consideration of the foregoing, the undersigned hereby recommends that Defendant Snyder's Motion to Dismiss [ECF No. 29] be **GRANTED**; Defendant Kuhn's Joinder in Defendant Snyder's Motion to Dismiss Complaint and Motion to Dismiss [ECF No. 37] be **GRANTED**; Defendants Peters, Westfall, Rubenstein, SCC, the State, Warden Johns, and WVDOC's Motion to Dismiss or in the Alternative, Motion for Summary Judgment [ECF No. 41] be **GRANTED;** and that the Plaintiff's complaint [ECF No. 1] be **DENIED** and **DISMISSED with prejudice**.

**Within fourteen (14) days** after being served with a copy of the Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket. In addition, the Clerk shall transmit a copy electronically to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: February 2, 2017

/s/   James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE